FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 13 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JERMAINE JOHNSON,

                Plaintiff,

    -against-

NEW YORK CITY DEP'T OF CORRECTION;
RIKERS ISLAND AMKC; C-95 OFFICERS;
CAPTAIN OTUKOYA, O # 64,

                Defendants.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-640 (CBA) (LB)

AMON, Chief United States District Judge:

On February 6, 2015, plaintiff Jermaine Johnson, who is incarcerated at Rikers Island, filed this pro se complaint pursuant to 42 U.S.C. § 1983 alleging that he was assaulted by a correctional officer. (DE # 1.) Rather than pay the standard filing fee, Johnson requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (DE # 6-7.) For the reasons stated below, Johnson's request is granted.

## BACKGROUND[1]

Johnson is housed at the Anna M. Kross Center ("AMKC") on Rikers Island. (DE # 1, at 5.) He alleges that on the morning of January 21, 2015, correctional officers conducted a "special search" of the building. (See id. at 7.) As part of that exercise, officers searched both Johnson's cell and subjected him to a strip search. (Id.) Neither contraband nor weapons were revealed in those searches. (Id.)

After the officers completed their searches, Johnson was told to re-enter his cell. (Id.) As he began to clean-up, Johnson heard an unidentified female officer ask whether inmates were

---

[1] The Court summarizes the facts as presented by Johnson in the Complaint. (DE # 1.) At this early stage of the litigation, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" contained in the pleadings. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010).

permitted to wear blue shirts. (Id.) An unidentified male officer then asked Johnson what he was wearing; Johnson replied he was indeed wearing a blue shirt. (Id.) Presumably based on rules governing the prison uniform, the officer told Johnson that blue shirts were unacceptable and ordered Johnson to give him the shirt. (Id.) In response, Johnson took off the shirt and "threw [it] towards the slot in the [cell] door." (Id. at 6.) The officer then opened the cell door. (Id.) At that point, Captain Otukoya reprimanded Johnson for throwing the shirt at the other officer, instead of handing it to him. (Id.) Otukoya then instructed Johnson to exit the cell and pick-up the shirt. (Id.) When Johnson refused, Otukoya punched him in the face, knocking out a cap on one of Johnson's teeth. (Id.)

## DISCUSSION

As a result, Johnson initiated this action against the New York City Department of Corrections (the "Department"), AMKC, C-95 Officers and Captain Otukoya seeking damages related to his injuries and compensation for the pain and suffering he endured. (See id. at ¶¶ IV.A-V.)

### I. Standard of Review

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that, under the PLRA, frivolous prisoner complaints must be dismissed sua sponte).

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In assessing the sufficiency of the complaint, the Court assumes all factual allegations are true, but gives no weight to legal conclusions. Id.

When dealing with pro se submissions, the Court adopts a "permissive application of the rules governing the form of pleadings." Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). And because "pro se litigants . . . cannot be expected to know all of the legal theories on which they might ultimately recover," the Court reviews the factual allegations made, rather than focusing on the legal labels assigned to them. Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005). Accordingly, the Court construes such submissions as raising any legal claim reasonably supported by the facts. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam); see also Sanders-Peay v. N.Y.C. Dep't of Educ., No. 14-CV-4534 (CBA) (MDG), 2014 WL 6473507, at *2 n.2 (E.D.N.Y. Nov. 18, 2014) (construing factual allegations in a Title VII form complaint as raising state law tort claims).[2]

## II. Section 1983 Claims

Section 1983 of Title 42 bars any person from depriving another of "rights, privileges, or immunities secured by the Constitution" while acting under color of state law. 42 U.S.C. § 1983. Although Section 1983 "does not [itself] create a federal right or benefit," Morris-Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist., 423 F.3d 153, 159 (2d Cir. 2005), the U.S. Constitution bars correctional officers from using excessive force against the inmates they oversee. See United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999) (noting that excessive force

---
[2] The Clerk of Court is respectfully directed to send plaintiff copies of all unreported cases cited herein.

claims raised by pre-trial detainees arise under the Fourteenth Amendment, whereas those raised by convicts are governed by the Eighth Amendment).[3]

Here, Johnson raises an excessive force claim against the officers involved—presumably, Captain Otukoya and the C-95 Officers—as well as claims against the certain municipal agencies—AMKC and the Department. The Court considers first the claims against the individual defendants before analyzing the claims raised against the municipal agencies.

### A. Individual Defendants

The allegations in the complaint sufficiently plead a claim of excessive force against Captain Otukoya. That claim may therefore proceed.

On the other hand, the C-95 Officers are mentioned nowhere in the Complaint. Because Johnson fails to allege that other officers were personally involved in the assault against him or failed to intervene to prevent it, those defendants must be dismissed. See Piper v. City of Elmira, 12 F. Supp. 577, 596 (W.D.N.Y. 2014). In light of Johnson's pro se status, the Court provides him with 30 days to amend the Complaint. If he decides to continue a claim against those officers, he must provide sufficient factual allegations to render claims against them plausible. He should also list those officers as John or Jane Doe, as appropriate, and provide any identifying information known to him.

### B. Entity Defendants

The claims against AMKC and the Department are barred by the New York City Charter. Specifically, Section 396 of the Charter requires that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter

---

[3] It is not clear from the record whether Johnson was detained pending trial or had been convicted of a crime. The Court need not determine Johnson's conviction status at this juncture because "the precise source of rights he asserts does not affect [the] analysis." Toliver v. City of New York, 530 F. App'x 90, 92 n.1 (2d Cir. 2013).

ch. 16 § 396. Because AMKC is a division of the Department, which is in turn a City agency, neither are suable entities. See Campbell v. New York City, No. 12-CV-2179 (CBA), 2012 WL 3027925, at *2 (E.D.N.Y. July 23, 2013) (finding the Department is a non-suable City agency); Farray v. Rikers Island Corr. Facility, No. 12-CV-4717 (ARR), 2012 WL 5289608, at *2 (E.D.N.Y. Oct. 22, 2012) (dismissing claims against Rikers Island because it is a part of the Department).

Given Johnson's pro se status, the Court construes the Complaint as raising a claim directly against New York City. See Pooler v. Hempstead Police Dep't, 897 F. Supp. 2d 12, 21 (E.D.N.Y. 2012) (liberally construing a complaint naming the Hempstead Police Department as a complaint against the Village of Hempstead). But that claim must also be dismissed because a municipal entity can be liable under Section 1983 only where a plaintiff demonstrates that the constitutional violation complained of was caused by a municipal "policy or custom." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); see also Connick v. Thompson, --- U.S. ----, ---, 131 S. Ct. 1350, 1359 (2011) ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury.") (quoting Monell, 436 U.S. at 691.).

Because Johnson fails to allege facts suggesting that his assault resulted from a municipal policy or custom, his claim against the City must be dismissed for failure to state a claim. See, e.g., White v. St. Joseph's Hospital, 369 F. App'x. 225, 226 (2d Cir. 2010) (affirming sua sponte dismissal of Section 1983 claim for the plaintiff's failure "to allege that any of the allegedly unconstitutional actions were taken pursuant to an official policy or custom, as is required to state a § 1983 claim against a municipality"). Again, the Court provides Johnson with 30 days to amend his complaint to include such factual allegations.

### III. State Law Claims

Liberally read, the allegations in the Complaint also support a state law claims for assault and battery against certain defendants. See Triestman, 470 F.3d at 475; Sanders-Peay, 2014 WL 6473507, at *2 n.2. The pleading standard for those tort claims mirrors the one governing Johnson's federal excessive force claim. See Posr v. Doherty, 944 F.2d 91, 94-95 (2d Cir. 1991) (finding that "the essential elements of [excessive force and state law assault and battery claims are] substantially identical"). The primary difference is that, under state law, the City may be held vicariously liable for the torts of its employees—like Captain Otukoya—regardless of whether those actions resulted from a municipal policy or practice. See Webster v. City of New York, 333 F. Supp. 2d 184, 207 (S.D.N.Y. 2004) (holding that even where plaintiff fails to establish a municipal policy or procedure, "common-law causes of action against the City proceeding on a theory of respondeat superior may proceed") (collecting cases). Therefore, the Court concludes that the state tort claims against Captain Otukoya and the City are sufficiently pled.

But since Johnson makes no allegations regarding the actions of the C-95 Officers, his state law claims against those defendants must be dismissed. To the extent he wishes to pursue state tort claims against those officers, he must include factual allegations regarding their conduct in his amended complaint.

### CONCLUSION

The Court construes the Complaint as asserting claims against the City of New York—rather than the AMKC or the Department—and directs the Clerk of Court to amend the caption accordingly.

Johnson's federal and state claims against Captain Otukoya and his state claims against the City of New York may proceed, but his Section 1983 claim against the City of New York and all of his claims against the C-95 Officers are dismissed with leave to amend.

No summons shall issue and all proceedings shall be stayed for 30 days or until Johnson has complied with this Order. Should Johnson wish to pursue the dismissed claims, he must file an amended complaint within 30 days of this Order.[4] The amended complaint must be captioned "Amended Complaint" and bear the docket number 15-CV-640 (CBA) (LB). The amended complaint will completely replace the original complaint and therefore must contain all facts alleged in the original complaint. If Johnson fails to file an amended complaint, this action will proceed solely as a Section 1983 claim against Captain Otukoya and state law claims against Otukoya and the City.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.
Dated: August 13, 2015
Brooklyn, New York

/S/ Chief Judge Carol Bagley Amon
Carol Bagley Amon /
Chief United States District Judge

---

[4] For Johnson's Section 1983 claim against the City to survive dismissal, the amended complaint must show that his assault resulted from a municipal policy or practice. For his claims against the C-95 Officers to proceed, he must explain how they were personally involved in the assault or failed to intervene despite having an opportunity to do so. See Piper, 12 F. Supp. at 596.